**KHANISA DARBY,** *pro se*
P.O. Box 8061
Piscataway, New Jersey 08855
(908) 956-3891
darbykhanisa@gmail.com

| | |
|---|---|
| **KHANISA DARBY** | UNITED STATES DISTRICT COURT |
| *Plaintiff* | FOR THE EASTERN DISTRICT OF |
| v. | PENNSYLVANIA |
| | |
| **120 NORTHAMPTON, LLC,** | LAW DIVISION |
| **POST ROAD MANAGEMENT, LLC,** | |
| **BORKO MILOSEV,** | |
| **STEVEN TODD WILLIAMS, ESQ.,** | Docket No.: |
| **LAW OFFICE OF STEVEN T.** | |
| **WILLIAMS, LLC,** | CIVIL ACTION |
| **WALDRON & WILLAMS,** | |
| **SHERIFF DEPUTY KATHLEEN A.** | |
| **NANSTEEL**, also known as Kathy Nansteel, | |
| **SHERIFF RICHARD JOHNSTON,** | **JURY TRIAL OF (12) JURORS** |
| **PROTHONOTARY HOLLY RUGGIERO,** | **DEMANDED** |
| **DEPUTY PROTHONOTARY MELISSA** | |
| **SHOEMAKER,** | |
| **SAMUEL E. COHEN, ESQ.,** | |
| **CONSTANCE K. NELSON, ESQ.,** | |
| **GROSS MCGINLEY, LLP,** | |
| **MATTHEW B. WEISBERG, ESQ.; GARY** | |
| **SCHAFKOPF, ESQ., L. ANTHONY** | |
| **DIJIACOMO III, ESQ., WEISBERG LAW** | REC'D OCT   9 2024 |
| **OFFICES, ZACHARY ZAWARSKI, ESQ.,** | |
| **LAW OFFICE OF ZACHARY** | |
| **ZAWARSKI** | |
| *Defendants* | |

### CIVIL ACTION COMPLAINT

1.      This action seeks money damages under 42 U.S.C. § 1983 due to a county sheriff,

deputy sheriff, prothonotary's, and multiple attorney's participation in a private parties' wrongful

deprivation of the Plaintiff's property. The Plaintiff alleges that certain Defendants acted under

color of state law and violated Plaintiff's procedural and substantive rights to due process under

the Fourth and Fourteenth Amendments to the Constitution of the United States. The Plaintiff also brings twelve state law claims pursuant to this court's supplemental jurisdiction.

## JURISDICTION

2.    This court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The court has supplemental jurisdiction over Plaintiff's state law claims for Conspiracy, Fraud, Wrongful Use of Civil Proceedings (Dragonetti Act), Violation of the Equal Protection Clause, Trespass, Trespass to Chattels, Conversion, Constructive Eviction, Unjust Enrichment, Constructive Trust, Equitable Lien, and Intentional Infliction of Emotional Distress, which are based on state law under 28 U.S.C. §§ 1332 and 1367.

## VENUE

3.    Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiff Khanisa Darby is an individual who resides at 366 Vail Avenue, Apartment 2, Piscataway, Middlesex County, New Jersey, 08854. At all times mentioned herein, the Plaintiff was a resident of Easton, Northampton County, Pennsylvania, and operated her business, "The Pudding Bar", from the subject premises, 118 Northampton Street, Easton, Northampton County, Pennsylvania (herein "leasehold").

5.    Defendant 120 Northampton, LLC, is a Pennsylvania Limited Liability company or other business entity licensed to do business in the Commonwealth of Pennsylvania with

principal offices located at 240 S. Main Street, Suite 2300, Nazareth, Northampton County, Pennsylvania. Defendant 120 Northampton, LLC, is also the sole owner and holder of the deed to the subject premises housing the Plaintiff's leasehold, who acted in concert with the other Defendants in the unlawful deprivation of Plaintiff's commercial leasehold and personal property.

6.      Defendant Post Road Management, LLC, is a Pennsylvania Limited Liability company or other business entity licensed to do business in the Commonwealth of Pennsylvania with principal offices located at 400 Northampton Street, Suite 408, Easton, Northampton County, Pennsylvania. This Defendant, at all times herein mentioned, acted as the property manager of the subject premises, and acted in concert with the other Defendants in the unlawful deprivation of the Plaintiff's commercial leasehold and personal property.

7.      Defendant Borko Milosev is an individual, who to the best of the Plaintiff's knowledge, resides at 1708 Hillside Lane, Allentown, Lehigh County, Pennsylvania, 18104. At all times mentioned herein, Borko Milosev, sole owner of 120 Northampton, LLC acted as authorized representative for the entity and Post Road Management, LLC, in the underlying proceedings, also with a majority ownership interest in the management company. The defendant took a leadership role in initiating and conspiring, in concert with the Defendants to unlawfully deprive the Plaintiff of her commercial leasehold and personal property.

8.      Defendant Steven Todd Williams, Esq., is an attorney, licensed to practice law in the Commonwealth of Pennsylvania, with a principal place of business, known as Waldron & Williams, located at 4001 Schoolhouse Lane, Center Valley, Lehigh County, Pennsylvania. At all times relevant to this complaint, Defendant Steven Todd Williams, Esq., also took a leadership role in initiating, conspiring, and acting under color of law in concert with certain Defendants to unlawfully deprive the Plaintiff of her commercial leasehold and personal property.

9.      Defendant Law Office of Steven T. Williams, LLC, is a is a law firm organized and existing under the of the Commonwealth of Pennsylvania, with its principal location of 4001 Schoolhouse Lane, Center Valley, Lehigh County, Pennsylvania. At all times relevant to this complaint, Defendant Steven Todd Williams, Esq., practiced as an attorney on behalf of Steven T. Williams, LLC, doing business as Waldron & Williams, from the same address on Schoolhouse Lane, in Center Valley, Lehigh County, Pennsylvania.

10.      Defendant Waldron & Williams is an affiliation of independent law firms of JJ Waldron, LLC, and Law Office of Steven T. Williams, LLC, who are known as and doing business as "Waldron & Williams", with two principal locations of 4001 Schoolhouse Lane, Center Valley, Lehigh County, Pennsylvania, and 535 Hamilton Street, Suite 102, Allentown, Lehigh County, Pennsylvania. At all times relevant to this complaint, Defendant Steven Todd Williams, Esq., practiced as an attorney of Waldron & Williams.

11.      Defendant Deputy Kathleen A. Nansteel, also known as "Kathy Nansteel", is a deputy sheriff employed by Northampton County, Pennsylvania, with a principal employment address of 669 Washington St, Easton, PA 18042. At all times relevant hereto she acted in concert with certain Defendants, under color of state law. She is sued in both her official and individual capacity.

12.      Defendant Sheriff Richard Johnston is a Sheriff employed by Northampton County, Pennsylvania, with a principal employment address of 669 Washington St, Easton, PA 18042. At all times relevant hereto, he acted in concert with the other Defendants, under color of state law. He is sued in both his official and personal capacity.

13.      Defendant Holly Ruggiero at all times relevant hereto was the Prothonotary employed by Northampton County, Pennsylvania, with a principal employment of address of 669

6

Washington St, Easton, PA 18042. At all times relevant hereto, she acted in concert with the other Defendants, under color of state law. She is sued in both her official and individual capacity.

14.    Defendant Melissa Shoemaker is a Deputy Court Clerk employed by Northampton County, Pennsylvania, with a principal employment of address of 669 Washington St, Easton, PA 18042. At all times relevant hereto, she acted in concert with the other Defendants, under color of state law. She is sued in both her individual and personal capacity.

15.    Defendant Samuel E. Cohen, Esq., is an attorney, licensed to practice law in the Commonwealth of Pennsylvania, with a principal place of business, known as Gross McGinley, LLP., located at 33 South 7th Street, Allentown, Lehigh County, Pennsylvania, where he is Partner. At all times relevant hereto, he conspired with the other Defendants, as the Plaintiff's attorney, to unlawfully deprive the Plaintiff of her commercial leasehold and personal property, which resulted in the deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

16.    Defendant Constance K. Nelson, Esq., is an attorney, licensed to practice law in the Commonwealth of Pennsylvania, with a current principal place of business, known as J.C. Law, located at 610 Freedom Business Center Drive, Ste 102, King of Prussia, Montgomery County, Pennsylvania. At all times relevant hereto, Constance K. Nelson Esq, was employed as Senior Counsel at Gross McGinley, LLP, located at 33 South 7th Street, Allentown, Lehigh County, Pennsylvania, and conspired with the other Defendants, as the Plaintiff's attorney, to unlawfully deprive the Plaintiff of her commercial leasehold and personal property, which resulted in the deprivation of the Plaintiff's rights under the Fourth, and Fourteenth Amendments to the United States Constitution.

17.    Defendant Gross McGinley, LLP, is a law firm organized and existing under the Commonwealth of Pennsylvania, with its principal office located at 33 South 7th Street, Allentown, Lehigh County, Pennsylvania. At all relevant times, Gross McGinley, LLP, employed attorneys Samuel E. Cohen, Esq., and Constance K. Nelson, Esq., who were acting within the scope of their employment as attorneys and legal representatives for the Plaintiff. Gross McGinley, LLP, through its agents and employees, for its role in conspiring with opposing counsel, Steven T. Williams, Esq., and other Defendants, to unlawfully deprive the Plaintiff of her commercial leasehold, thereby violating Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution. This conspiracy included the deliberate failure to properly represent the Plaintiff, the intentional omission of key legal actions and the facilitation of an unlawful judgment and seizure of Plaintiff's property.

18.    Defendant Matthew B. Weisberg Esq. is an attorney licensed to practice law in the Commonwealth of Pennsylvania, and a Managing Partner at Weisberg Law Offices, with three principal locations; 7 South Morton Avenue, Morton, Delaware County, Pennsylvania; 1500 Walnut Street, 7th Fl. West, Philadelphia, Philadelphia County, Pennsylvania; and 11 Bala Ave, Bala Cynwyd, Montgomery County, Pennsylvania. At specified times relevant hereto, Matthew B. Weisberg, Esq., acted as legal counsel for the Plaintiff, conspired with opposing counsel, failed to adequately represent the Plaintiff, misrepresented facts regarding the unlawful taking of the Plaintiff's property, and interfered with the Plaintiff's rights to have her property restored following the execution pursuant to the void *ab initio* judgment and violation of the Plaintiff's Constitutional Rights.

19.    Defendant, Gary Schafkopf, is an attorney licensed to practice law in the Commonwealth of Pennsylvania, and a Partner at Weisberg Law Offices, with three principal

locations; 7 South Morton Avenue, Morton, Delaware County, Pennsylvania; 1500 Walnut Street, 7th Fl. West, Philadelphia, Philadelphia County, Pennsylvania; and 11 Bala Ave, Bala Cynwyd, Montgomery County, Pennsylvania. At specified times relevant hereto, Gary Schafkopf, Esq., acted as legal counsel for the Plaintiff, conspired with opposing counsel, failed to adequately represent the Plaintiff, misrepresented facts regarding the unlawful taking of the Plaintiff's property, and interfered with the Plaintiff's rights to have her property restored following the execution pursuant to the void *ab initio* judgment and violation of the Plaintiff's Constitutional Rights.

20.     Defendant L. Anthony DiJiacomo, III, Esq. is an attorney licensed to practice law in the Commonwealth of Pennsylvania, and a Partner at Weisberg Law Offices, with three principal locations; 7 South Morton Avenue, Morton, Delaware County, Pennsylvania; 1500 Walnut Street, 7th Fl. West, Philadelphia, Philadelphia County, Pennsylvania; and 11 Bala Ave, Bala Cynwyd, Montgomery County, Pennsylvania. At specified times relevant hereto, L. Anthony DiJiacomo, III, Esq., acted as legal counsel for the Plaintiff, conspired with opposing counsel, failed to adequately represent the Plaintiff, misrepresented facts regarding the unlawful taking of the Plaintiff's property, and interfered with the Plaintiff's rights to have her property restored following the execution pursuant to the void *ab initio* judgment and violation of the Plaintiff's Constitutional Rights.

21.     Defendant Weisberg Law Offices is a law firm organized and existing under the laws of the Commonwealth of Pennsylvania, with three principal locations; 7 South Morton Avenue, Morton, Delaware County, Pennsylvania; 1500 Walnut Street, 7th Fl. West, Philadelphia, Philadelphia County, Pennsylvania; and 11 Bala Ave, Bala Cynwyd, Montgomery County, Pennsylvania. At specified relevant times, Weisberg Law Offices employed Matthew B. Weisberg,

Gary Schafkopf, and L. Anthony DiJiacomo, III, who were acting within the scope of their employment as attorneys representing the Plaintiff. Weisberg Law Offices is sued as a legal entity responsible for the actions of its Partners and employees, who conspired with Defendants Waldron & Williams, Steven T. Williams, Esq., 120 Northampton, LLC, and Borko Milosev, misrepresented material facts, failed to provide competent legal representation, and obstructed the restoration of the Plaintiff's property after the unlawful execution in pursuit of a void *ab initio* judgment, thereby violating Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution.

22.     Defendant, Zachary Zawarski, Esq., is an attorney licensed to practice law in the Commonwealth of Pennsylvania, and the owner of the firm Law Office of Zachary Zawarski, with a principal location of 3001 Easton Avenue, Bethlehem, Northampton County, Pennsylvania. At specified times relevant hereto, Zachary Zawarski, Esq., acted as legal counsel for the Plaintiff, conspired with opposing counsel, failed to adequately represent the Plaintiff, misrepresented facts regarding the unlawful taking of the Plaintiff's property, and interfered with the Plaintiff's rights to have her property restored following the execution pursuant to the void *ab initio* judgment and violation of the Plaintiff's Constitutional Rights.

23.     Defendant Law Office of Zachary Zawarski is a law firm organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal location of 3001 Easton Avenue, Bethlehem, Northampton County, Pennsylvania. At specified relevant times, Zachary Zawarski, Esq., practiced law in the Commonwealth by and through Law Office of Zachary Zawarski, Esq., and acted within the scope of his employment as an attorney representing the Plaintiff. Law Office of Zachary Zawarski is sued as a legal entity responsible for the actions of its Partners and employees, who conspired with Defendants Waldron & Williams, Steven T.

Williams, Esq., 120 Northampton, LLC, and Borko Milosev, misrepresented material facts, failed to provide competent legal representation, and obstructed the restoration of the Plaintiff's property after the unlawful execution in pursuit of a void *ab initio* judgment, thereby violating Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**FACTUAL BACKGROUND**

24.    On December 19th, 2018, Plaintiff Khanisa Darby and a limited business partner, Marko Golubovic executed a commercial lease agreement for legal possession of the subject premises that is 118 Northampton Street, Easton, Northampton County, Pennsylvania with Defendant 120 Northampton, LLC, represented by Borko Milosev. The lease agreement's initial term was for seven years with a commencement date of January 1st, 2019, terminating on December 31st, 2026.

25.    The Lease agreement lists Khanisa Darby as a tenant trading as "Khanisa's", the name of her family dessert business; an intentional requirement made by the Defendant, Borko Milosev, to insure a "personal guarantee" over the premises.

26.    The commercial leasehold is located on the ground level of a multi-use, mixed-use residential and commercial historic building located in Easton's nationally registered historic district, on Northampton Street; locally deemed "The Gateway to Easton", where it sits adjacent to the Delaware River and the Historic "Free Bridge".

27.    The historic buildings parceled together as 118-120 Northampton Street had recently undergone an extensive renovation, having its blight designation reversed in the name of "adaptive reuse", receiving substantial grants from the State of Pennsylvania and City of Easton collectively.

28.     The commercial leasehold, described as a one thousand sixty-six square foot (1,066 sqf) gray shell, did not include plumbing, HVAC, electrical wiring, fire suppression components, restrooms, nor floor coverings aside from subflooring when the lease was executed. All but the HVAC, rough plumbing, and framing for two restrooms was deemed "Landlord's Work" with the remaining construction to be the responsibility of the tenant as evidenced by the "Letter of Intent" executed between the parties on October 19th, 2018.

29.     After permits were obtained and work was underway, the Defendant Borko Milosev, reneged on the fully working HVAC agreement, and maintained that as the Landlord of the property, he would only install the furnace component of the HVAC, but not the duct work required. After a dispute, the Plaintiff agreed to pay an additional one hundred dollars ($100.00) each month for the full length of the lease, to receive a fully working HVAC from the Defendant Borko Milosev, bringing the total monthly rental payment to one thousand six hundred dollars ($1,600.00) each month from one thousand five hundred dollars ($1,500.00) each month initially agreed to, with a three percent (3%) annual increase.

30.     The Lease Amendment was executed, again, between Borko Milosev as a representative for 120 Northampton, LLC, Khanisa Darby, and the limited partner, Marko Golubovic on February 13th, 2019, with the termination date remaining of December 31st, 2026.

31.     While the Original lease included an invalid inconspicuous confession of judgment clause, the Lease Amendment, which included the one hundred dollar ($100.00) monthly increase failed to reference the confession of judgment clause at all.

32.     The Plaintiff continued to make substantial investments into the leasehold, including selling a portion of the business to the limited partner in exchange for one hundred thirty-

seven thousand, three hundred fifty-five dollars and seventy-one cents, ($137,355.71); the cost of the build out and expenses.

33.    The Plaintiff was finally able to hold a grand opening nearly a year after executing the lease agreement on August 24th, 2019, after meeting all requirements of the local codes and health departments.

34.    It is important to note, the Plaintiff was also a residential tenant at the mixed-use property which contained fourteen apartment units along with two ground level commercial units. The residential lease was executed by the Plaintiff, her husband Sean Darby, and Post Road Management, LLC on behalf of 120 Northampton, LLC, on June 11th, 2018.

35.    During the Plaintiff's commercial and residential tenure, she was plagued by repeated maintenance issues which included major structural concerns. It is important and relevant to provide a brief recitation of the most notable, major events:

- **January 29th, 2021**; A large storm window dislodged from second story striking and severely injuring the Plaintiff and her husband, Sean Darby.

- **March 13th, 2021**; HVAC Failure

- **June 30th, 2021**; Wet pipe sprinkler system discharged causing water and flood damage to entire building during business hours closing the Plaintiff's business until possession was returned after landlord's repairs on September 17th, 2021.

- **August 24th, 2021**; Plaintiff's residential apartment condemned by The City of Easton due to severe water intrusion, water damage throughout the entire apartment, and a gas leak from the apartment's water heater.

- **September 2nd, 2021**; Stucco dislodged from near the roof of the west exterior wall striking a parked pedestrian vehicle, denting the hood.

- **September 7th, 2021**; Defendant Post Road Management terminated the Plaintiff's residential lease.

- Rodents entering commercial leasehold; the Plaintiff reported to Alyssa Chrush, property manager for Post Road Management, LLC.

- **December 2021;** The HVAC was ineffective. Indoor temperatures of commercial leasehold was around fifty degrees Fahrenheit (50°F); a vast opening from visibly missing brick and mortar discovered on the exterior east wall from roof to ground level of the entire building, exposing the commercial leasehold to the elements, including dust, debris, rodents, and insects.

- **February 2022**; The Plaintiff discovered of loss of structural integrity to flooring throughout the commercial leasehold.

36.    The Plaintiff, uneducated in construction, or code requirements did not understand and was not aware that the repeated water intrusion of the residential and commercial leasehold was of major structural concern, until the large storm window dislodged from the building at or around 10:30am on January 29th, 2021, while the Plaintiff and her husband Sean were unloading supplies for the day, sending them both crashing to the sidewalk.

37.    It is important and relevant to this action to recite dates the Plaintiff reported the Defendant Borko Milosev and his sister companies Defendant 120 Northampton, LLC, Defendant Post Road Management, LLC, and Post Road Construction, LLC to The City of Easton;

- **January 29th, 2021** – Although not contacted by the Plaintiff directly, The City of Easton Chief of Code Enforcement Sharbel Koorie, reported to the scene immediately after a large storm window dislodged from the building, striking the Plaintiff and her husband.

14

- **June 30th, 2021** – When the sprinkler system discharged, after waiting approximately ten minutes and realizing the fire department was not called, the Plaintiff reported the incident to The City of Easton via phone while the flooding was ongoing resulting in the closure of the Plaintiff's business and multiple apartment units.

- **August 10th, 2021** – The Plaintiff and her husband Sean Darby met with the Mayor of Easton, Sal Panto in the Mayor's Office at City Hall to express serious concerns of water intrusion to the building including the Plaintiff's apartment. The mayor stated he wanted to get into the building the "next time it rains".

- **August 23rd, 2021** – The Plaintiff contacted The City of Easton as the Mayor Sal Panto requested to report rainwater leaking from the Plaintiff's children's bedroom light fixture creating a puddle of water on the floor, and a gas leak resulting in an extensive violation letter to the Defendant 120 Northampton St, LLC, and the condemnation of the apartment requiring the Plaintiff, her husband, and their two children to vacate their home within forty-eight (48) hours.

- **March 1st, 2022** – After a dispute with 120 Northampton, LLC, and Post Road Management, LLC, the Plaintiff again reported the Defendants 120 Northampton, Post Road Management, LLC, and Borko Milosev to The City of Easton Code Enforcement to report the massive void in the side of the building, and the loss of structural integrity to the floors. The result was an inspection, the discovery of a loss of structural integrity to the commercial leasehold's floors, fire hazards, water intrusion, mold, and the discovery of the massive void in the wall which led to a violation letter to the Defendants 120 Northampton, LLC, and Post Road

15

Management, LLC, and the commencement of an investigation into the state of the building's foundation and basement joist system.

38.     During the ongoing dispute over the maintenance and major structural concerns, the Plaintiff withheld two months of rent totaling three thousand two hundred seventy-eight dollars, and eighteen cents ($3, 278.18).

39.     After the Plaintiff reported the Defendants 120 Northampton, LLC and Post Road Management, LLC to the City of Easton Codes Department, on March 1st, 2022, the Defendants 120 Northampton, LLC, and Borko Milosev by and through their attorney, Defendant Steven Todd Williams, Esq., filed a Confession of Judgment Complaint for Money and in Ejectment on March 24th, 2022, in the Northampton County Court of Common Pleas (Docket No. C-48-CV-2022-01773).

40.     The Confession of Judgment Complaint was served upon the Plaintiff by the Defendant Deputy Kathleen A. Nansteel at the commercial leasehold on April 1st, 2022, as evidenced by the Sheriff's Return of Service entered onto the case docket.

41.     The Defendants 120 Northampton, LLC, and Borko Milosev by and through their attorney, Defendant Steven Todd Williams, Esq., entered a monetary judgment against the Plaintiff Khanisa Darby, her business Khanisa's, and the limited business partner Marko Golubovic, each in the amount of one hundred sixteen thousand, two hundred forty-seven dollars and fifty-four cents ($116, 247.54) as evidenced by the judgment index on the trial court case docket.

42.     The Confession of Judgment Complaint included an itemized computation of the alleged "amount due and owing as of the filing of the complaint" as follows:

     a.   January Rent - $1,748.36

16

    b.  January Late Fee - $87.42

    c.  February Rent - $1,748.36

    d.  February Late Fee - $174.84

    e.  March Rent - $1,748.36

    f.  March Late Fee - $262.25

    g.  Accelerated Rent - $106,142.33

    h.  Accelerated Late Fee - $5,307.12

    i.  Court Costs

        (1) Filing Fee - $73.50

        (2) Sheriff Fee - $103.00

    j.  Attorney Fees – 1,852.00

      SUB-TOTAL - $119,247.54

    k.  Minus Security Deposit - $3,000.00

    l.  TOTAL - $116,247.54

43.    In response to the complaint, the Plaintiff retained and entered into a representation agreement with Defendant firm Gross McGinley, LLP., by and through Defendants Samuel E. Cohen, Esq., and Constance K. Nelson, Esq., who entered their appearances and filed a timely Petition to Strike/ Open the Confessed Judgment with a Stay of Execution request on April 25th, 2022, as evidenced by the trial court docket.

44.    The Plaintiff was completely unaware of the Confession of Judgment's inclusion in the executed lease agreement at the time of digital signing, was completely ignorant to confession of judgment procedures, and trusted Gross McGinley and its' agent's representation of her interests.

45.     While the Petition to Strike/Open averred the Plaintiff did not knowingly, voluntarily and/or intelligently agree to the cognovit clause, asserted a lack of conspicuity as standing to strike the judgment, and made mention to breach of contract claims as standing to open it, the petition failed to assert that the judgment entered was void *ab initio.*

46.     Confessing judgment for money including accelerated rent *and* in ejectment is prohibited in Pennsylvania, making the judgment void *ab initio* and leaving the trial court with a lack of both personal and subject matter jurisdiction.

47.     The confessed judgment was erroneous as the averment of the rental fees of one thousand seven hundred forty-eight dollars and thirty-six cents ($1,748.36) for January through March, when the rental fee for the same months was one thousand, six hundred thirty-nine dollars and nine cents ($1,639.09) as evidenced by Defendant Post Road Management, LLC's, payment ledger on the company's tenant portal.

48.     The Plaintiff was not aware of the content of the Petition, as it was not presented to the Plaintiff prior to filing, the Plaintiff was not informed of any possible strategy, nor were her rights explained by her counsel.

49.     The Petition to Strike/Open was verified by Defendant Constance K. Nelson, Esq., not the Plaintiff.

50.     Thereafter, on April 25th, 20222, Defendant Samuel E. Cohen, Esq. filed the Petition to Strike/Open with the trial court Prothonotary as opposed to presenting it in motions court for a decision on the Stay and to properly begin adjudication.

51.     Although the petition had not been presented, the Plaintiff was lied to by Defendant Constance K. Nelson, Esq., when she stated, "a stay is in place".

52.    Defendants Steven T. Williams, Esq., Constance K. Nelson, Esq., Samuel E. Cohen, Esq., filed answers to each other's pleadings until the last pleading was filed by Defendant Steven T. Williams, Esq., on June 8th, 2022.

53.    During this time, the Plaintiff was stonewalled by Defendants Samuel E. Cohen, Esq., and Constance K. Nelson, Esq. When she was able speak with Attorney Nelson, she misrepresented the Plaintiff's legal position, did not explain the Plaintiff's rights, and tried to intimidate the Plaintiff with threats of defamation lawsuits from Defendants 120 Northampton, LLC, Borko Milosev, and Steven T. Williams, Esq.

54.    Also, during this time, the Plaintiff and her husband attended highly publicized city council meetings to inquire about the delay and to alert city officials of the dangers of the building.

55.    Due to the prominence and popularity of the Plaintiff and her business, multiple articles were written about the dispute by local news outlets including The Morning Call, and The Express Times/Lehigh Valley Live, with calls and requests for comment made to Defendants Borko Milosev, Steven T. Williams, Esq., and Post Road Management, LLC by reporters.

56.    The Plaintiff and her husband's attempts to contact Defendant Constance K. Nelson, Esq., had gone unanswered from July 12th, of 2022 until October 25th, 2022.

57.    On October 20th, 2022, the Plaintiff sent a passionate letter to the Defendants Partner Samuel E. Cohen, Esq. and Constance K. Nelson, Esq., and also included eighteen (18) Partners with Gross McGinley, LLP, to express concerns regarding the handling of the case, lack of communication, guidance, and strategy.

58.    On October 25th, 2022, Defendant Constance K. Nelson, Esq., responded informing the Plaintiff of her intent to withdraw from the case.

59.    On October 27th, 2022, the Plaintiff received Constance K. Nelson's Petition to Withdraw.

60.    On October 31st, 2022, the Plaintiff received an email through the administrative assistant of Constance K. Nelson, Esq., which included a ten day (10) "Notice of Abandoned Property" and a Letter from opposing counsel Steven T. Williams, Esq., exclaiming "the lockout has been effectuated" on October 28th, 2022, at the Plaintiff's subject premises.

61.    The Plaintiff emailed Defendant Constance K. Nelson, Esq., frantically searching for answers to which the Defendant responded with vague emails that offered no insight into what had occurred and why.

62.    On November 1st, 2021, the Plaintiff and her husband Sean Darby, called the Easton Police Department to request an officer to the subject premises for an illegal lockout.

63.    The responding officer, Quentin Cornelius, reviewed the "Sheriff's Notice of Possession", and Writ of Possession taped to the door of the premises, explained the documents were fraudulent, and that in the six years of his tenure he had never seen documents such as those left by the Northampton County Sheriff.

64.    The responding officer also discovered the phone number listed as the Sheriff Department's on the top of the Notice was inoperable after attempting to call to inquire about the validity of the Notice.

65.    After the Plaintiff and her husband explained to Officer Cornelius that they were being represented by attorneys, he stated "maybe your lawyer cut a side deal".

66.    The responding officer offered to break into the storefront because the Plaintiff was still entitled to possession, however the Plaintiff declined after the officer explained that the fully equipped storefront and the Plaintiff's personal property would be exposed to theft.

67.     The responding officer stated he would start an investigation, as he was convinced the documents were fraudulently produced by the Defendant 120 Northampton, LLC.

68.     After approximately forty (40) minutes at the subject premises, Officer Cornelius left the scene. Approximately thirty (30) minutes after, he called the Plaintiff to request digital copies of the documents for review.

69.     Approximately an hour after receiving the fraudulent documents, Officer Cornelius called the Plaintiff to inform her that his "boss" said he "could not get involved in civil matters".

70.     On November 2nd, 2022, after attempting to research the laws governing commercial eviction, the Plaintiff and her husband Sean Darby visited Northampton County's Prothonotary Office to inquire how the writ of possession was issued with a stay in place, without a hearing on the Petition to Strike/Open, and without a writ of execution.

71.     The responding clerk checked the docket and explained that she did not know how.

72.     The responding clerk then viewed the writ of possession, pointed to the handwritten "Melissa Shoemaker, Deputy" signature beneath Prothonotary Holly Ruggiero's signature and whispered, "That's Melissa, she must have slipped this to someone", and slid the paper back across the counter to the Plaintiff.

73.     Melissa Shoemaker then approached, took the documents, and walked the documents over to the Sheriff's side of the shared office. She then began to peer into the desktop computer of the male Sheriff employee who seemed to look at the screen intently and shake his head as if to say, "I don't know".

74.     Melissa Shoemaker then walked back over to the Plaintiff and repeatedly stated "You need to talk to your lawyer".

75.     On November 2nd, 2022, at 2:36pm, Defendant Constance K. Nelson, Esq., sent an email to the Plaintiff, stating she "did not know how" Defendant Steven T. Williams, Esq., was able to move forward with recovery of the property with a Stay filed and without a hearing on the Petition.

76.     In response to the Plaintiff's inquiry of her knowledge of the writ of possession documents filed on September 22nd, 2022, she also stated she had not received the writ of possession documents.

77.     On November 3rd, 2022, Constance K. Nelson, Esq., appeared in Motions Court in the Northampton County Court of Common Pleas to present her Praecipe for Withdrawal, with the Plaintiff present to contest.

78.     After hearing both sides, The Honorable Judge Paula A. Roscioli denied Defendant Nelson's request and ordered the Praecipe to be presented again in two weeks, after Defendant Nelson "fixed" the issue and "addressed the stay" in the interim, and also ordered the Plaintiff to find new counsel.

79.     This was the first time the Plaintiff had seen Defendant Constance K. Nelson, Esq. since entering the representation agreement in April of 2022.

80.     After exiting motions court, the Darby's approached Defendant Nelson to ask what transpired, informed her that everyone of authority had said to "talk to your lawyer", and that they had been told she may have done something underhanded.

81.     In response, Defendant Nelson exclaimed "I failed you guys."

82.     As the Plaintiff and her husband asked more questions, she exclaimed "…Here I go protecting people!"

83.    She also stated, "Sam took majority of your retainer, but I'm the one who's here." after the Plaintiff shared that Defendant Samuel E. Cohen, Esq., had not returned any of her calls either.

84.    Although Defendant Nelson stated she would "undo what was done" and asked for hugs from the Plaintiff and her husband to begin reconciliation for the anguish they had suffered, she failed to do so in the following weeks.

85.    Defendant Nelson presented her Praecipe for Withdrawal again on November 17th, 2022, which was granted by The Honorable Judge John Morganelli.

86.    The Plaintiff had already initiated contact with Weisberg Law Office on November 2nd, 2022, seeking new representation, explaining every detail of the case, and providing documents, photos and outstanding requests from Steven T. Williams, Esq., most notably the first set of interrogatories.

87.    The Plaintiff communicated with Matthew B. Weisberg Esq., Gary Schafkopf, Esq., via email and phone, and met in person with L. Anthony DiJiacomo, III Esq., to discuss the case.

88.    On December 26th, 2022, the Plaintiff entered into a representation agreement with Weisberg Law Offices.

89.    On January 26th, 2023, the Plaintiff, via email, informed Matthew B. Weisberg Esq., Gary Schafkopf, Esq., and L. Anthony DiJiacomo, III Esq., of her receipt of a Notice of Presentation and Motion to Compel Discovery Answers to be presented in Motions Court on February 1st, 2023, by Steven T. Williams, Esq.

90.    On January 30th, 2023, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., via email and phone, and L. Anthony DiJiacomo, III Esq. entered their appearance on to the case docket.

91.     On February 1st, 2023, at 2:53pm, after not hearing from any of her attorneys at Weisberg Law, the Plaintiff requested an update on the Motion to Compel hearing via email to each attorney, to which Matthew B. Weisberg responded, "We did not attend- the order was entered; we'll chat." and attempted to schedule a call for the following day.

92.     On February 17th, 2023, a Sheriff's Return was finally entered onto the case docket with sworn statements from Deputy Kathleen A. Nansteel and Sheriff Richard Johnston entered on four different dates.

93.     Most notably, an entry appeared by Deputy Kathleen A. Nansteel on October 11th, 2022, swearing that a Writ of Execution and Notice were *not* served upon the Plaintiff, nor the limited partner, Marko Golubovic.

94.     An entry dated October 28th, 2022, by Deputy Kathleen A. Nansteel swore that the eviction was completed, and that possession of the property was delivered to Veronica Muniz, a Community Manager and agent of Defendant Post Road Management, LLC.

95.     After the Motion to Compel and Weisberg Law claiming to not know what had transpired to allow possession of the commercial leasehold to be returned to 120 Northampton, LLC, the Plaintiff began to study the Rules of Civil Procedure intently.

96.     When asking Weisberg Law relevant questions regarding Pennsylvania's Rules of Civil Procedure and its application to the underlying proceeding, Weisberg Law Offices manipulated the Plaintiff into believing she was wrong, used gaslighting, stonewalling, and intimidation to deter the Plaintiff from asking further questions, as well as repeatedly rescheduled phone and zoom meetings further delaying the case and obstructing the Plaintiff's right to return of the commercial leasehold and her personal property.

97.    The Plaintiff was not informed of her right to exemptions, or right to a post seizure hearing due to the intentional and egregious fraudulent misrepresentations made by her counsel employed by the Defendant law firms Weisberg Law Offices and Gross McGinley, LLP.

98.    Weisberg Law Offices never moved for adjudication of the Plaintiff's filed Petition to Strike/Open, nor did they discuss the importance of adjudication of the Petition with the Plaintiff.

99.    On April 12th, 2023, at 9:13am a Motion for Sanctions was granted in favor of 120 Northampton, LLC for the failure to answer discovery.

100.    Exactly one minute later, on the same date, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., presented a Motion for Leave to Withdraw from the case, which was granted.

101.    To harm the Plaintiff even further, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq withdrew their appearances on different dates.

102.    On June 12th, 2023, Matthew B. Weisberg, Esq., withdrew his appearance.

103.    One June 13th, 2023, L. Anthony DiJiacomo, III, Esq., withdrew his appearance.

104.    On June 20th, 2023, Gary Schafkopf, Esq., withdrew his appearance.

105.    The Plaintiff was left distraught, confused, and without sound legal representation.

106.    The Plaintiff then contacted a third attorney for help; Zachary Zawarski, Esq. of Law Office of Zachary Zawarski and entered into a representation agreement with the defendant attorney and firm.

107.    Zachary Zawarski, Esq. also circumvented adjudication of the Plaintiff's Petition to Strike/Open by fraudulently telling the Plaintiff there was no longer a judgment against her, and to move for a status conference.

108.    In response to the Plaintiff's inquiries about the authenticity of the notices left on the door of her storefront, the Defendant produced a "Sheriff's Notice of Possession" identical to the notice the posted but was addressed to a different client of his.

109.    Soon after he was retained, Zachary Zawarski, Esq., recommended the Plaintiff pay the sanctions for not answering the Interrogatories in Aid of Execution. The Plaintiff made the payment by and through the Defendant, although the check later bounced due to insufficient funds.

110.    When the Plaintiff pushed for adjudication of the Petition to Strike/Open, he stated, "I don't like where this is going" and terminated his representation in June of 2022.

111.    Zachary Zawarski, Esq., never entered his appearance on the case docket.

112.    Thereafter, on July 19th, 2023, Defendant 120 Northampton, LLC, by and through its owner/representative Borko Milosev and Steven T. Williams, Esq., furthered their egregious conduct by presenting a second Motion for Sanctions and Interrogatories in Aid of Execution in the Northampton County Court of Common Pleas.

113.    At this time, the Defendant 120 Northampton, LLC, was already in possession of the subject premises, all tenant improvements, equipment, and personal property on the premises, had taken the Plaintiff's three-thousand-dollar ($3,000.00) security deposit, had re-let the Plaintiff's storefront to a new tenant, and had sent the Plaintiff a security deposit disposition directly, by and through Defendant Post Road Management, LLC, charging the Plaintiff for the Judgment and removal and cleaning fees totaling over one hundred nineteen thousand dollars ($119,000.00).

114.    After receiving the Notice of Presentation, the Plaintiff conducted grueling research and drafted, a Motion for Protective Order and for Reconsideration of Sanctions, and presented

them to contest 120 Northampton, LLC's motions in a desperate attempt to defend against any further harm.

115.    During the motions hearing, the presiding Judge, The Honorable Edward Reibmann was shocked at what had occurred and stated he needed more time to decide. To this day an order has not been entered on any of the motions presented.

116.    Thereafter, the Plaintiff began to represent herself, conducting intense, burdensome research, and has been able to stave off further attempts of unlawful collections and garnishment by the Defendants 120 Northampton, LLC, Borko Milosev, Post Road Management, LLC, and Steven T. Williams, Esq.

117.    It was not until March 31st, 2024, that the Plaintiff learned of the excessive and prohibited nature of the Confession of Judgment Complaint, rendering the judgment void *ab initio*.

118.    On April 1st, 2024, the Plaintiff presented a new Petition to Strike averring the judgment was void *ab* initio, that the court was without out jurisdiction over the case, and requested the court immediately strike the judgement to which The Honorable Abraham P. Kassis refused to do and instead issued a Rule to Show Cause.

119.    On April 2nd, 2024, a new Attorney, Matthew J. Deschler, Esq., entered his appearance on behalf of the Defendant, 120 Northampton, LLC.

120.    On April 3rd, 2022, Defendant Steven T. Williams, Esq., filed a Certificate Prerequisite to Service of a Subpoena to Gross McGinley, LLP, for their communications in the case.

121.    On April 18th, Anne K. Manley, Esq., with Gross McGinley, LLP, responded by filing a Motion to Quash and/or For Protective Order from the subpoena.

122.    On April 19th, the Defendant 120 Northampton, LLC, by and through its new counsel, Matthew Deschler of Shay, Santee, Kelhart & Deschler, LLC, of Bethlehem, Pennsylvania, attempted to present a Motion to Vacate Judge Kassis' Rule to Show Cause Order to which the presiding Honorable Judge Jennifer Sletvold refused to do stating (1) she could not vacate another Judge's order, and (2) because the Plaintiff filed a Notice of Appeal of the Order that morning, regardless of Matthew Deshler's assertions that it was interlocutory.

123.    On May 29th, 2024, after a Motions Court hearing prompted by the Defendant 120 Northampton, LLC, attempting to move for judicial case assignment, the Honorable President Judge Craig Dally ordered the Plaintiff's April 1st, 2024 Petition to Strike to be scheduled for argument in the trial court on September 3rd, 2024, before The Honorable Brian J. Panella, pending a decision from the Superior Court of Pennsylvania on the Plaintiff's appeal for the trial court's refusal to strike the void judgement.

124.    On August 28th, 2024, The Honorable Brian J. Panella, entered an order rescheduling the hearing to October 15th, 2024.

125.    On August 30th, 2024, the Superior Court of Pennsylvania, *per curiam*, quashed the Plaintiff's appeal of the rule to show cause Order as interlocutory.

126.    The Plaintiff is currently awaiting argument scheduled for October 15th, 2024, on her Petition to Strike the void confessed judgment.

127.    When represented by Gross McGinley, LLP, the Plaintiff believed she was being represented by counsel who truthfully informed her that a stay was in place until a hearing in court on an unspecified date.

128.    None of the Defendants afforded the Plaintiff an opportunity to be heard on her Petition prior to the repossession of the subject premises, by intently circumventing the courts and

any contact the Plaintiff could have had with a Judge, and further egregiously obstructed any chance of the Plaintiff's right to the commercial leasehold and her property to be restored as immediate as possible by using egregious tactics, including fraudulent misrepresentation, manipulation, stonewalling, gaslighting, and "rambo lawyering" to intimidate the Plaintiff.

129.    The Defendants 120 Northampton, LLC, Borko Milosev, Steven Todd Williams, Esq., and Post Road Management, LLC, succeeded in the unlawful seizure of the Plaintiff's property in the presence of and with the active cooperation of Defendant Deputy Kathleen A. Nansteel, as she has sworn on record.

130.    But for the conspiracy existent between Defendants 120 Northampton, LLC, Borko Milosev, Steven Todd Williams, Esq., Post Road Management, LLC, all the Plaintiff's prior counsel including the attorneys with Gross McGinley, LLP., Weisberg Law Offices, and Law Office of Zachary Zawarski, in tandem with state actors with Northampton County's Prothonotary Office and Sheriff's Department, the Plaintiff would not have suffered the unlawful deprivation and would have received notice and opportunity for pre and post deprivation hearings.

131.    As a direct and proximate result of the concerted actions of all Defendants, the Plaintiff has been deprived of her entitlement to and use of the subject premises, personal property, and permanent tenant improvements, has suffered from financial ruin, loss of income, the negative effects of the one hundred sixteen thousand, two hundred forty-seven dollar and fifty-four cent ($116,247.54) judgement against her since March 24th, 2022, and has suffered extreme anxiety, confusion, shame, embarrassment, mental, emotional, and physical distress.

**[ BOTTOM OF THIS PAGE INTENTIONALLY LEFT BLANK ]**

**COUNT 1:** *42 U.S.C. § 1983:*
**Fourth and Fourteenth Amendment Constitutional Violation**
*Plaintiff*
*vs.*
*Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC,*
*Prothonotary Holly Ruggiero, Prothonotary Deputy Melissa Shoemaker, Deputy Kathleen A.*
*Nansteel, and Sheriff Richard Johnston*

132.    The Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

133.    The Defendants at all times relevant to this action were acting under color of state law.

134.    The Defendants unlawfully deprived the Plaintiff of the commercial leasehold and property without due process of law in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

135.    The Defendants acted in concert to make an unlawful seizure of the Plaintiff's leasehold and property in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

136.    At all times relevant hereto, Defendants Prothonotary Holly Ruggiero, Prothonotary Deputy Melissa Shoemaker, Sheriff Deputy Kathleen A. Nansteel, and Sheriff Richard Johnston acted pursuant to a policy or custom normally utilized in Northampton County to assist creditors in depriving debtors of personal property without court order, a writ of execution, and without providing an opportunity for the debtor to be heard.

137.     Defendants Borko Milosev, Steven T. Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, and Post Road Management, LLC, were not authorized by Pennsylvania law to confess judgement against the Plaintiff for accelerated rent and in ejectment for possession of the subject premises, as such is prohibited by law in Pennsylvania.

138.     Defendants Prothonotary Holly Ruggiero lacked subject matter and personal jurisdiction to enter judgment against the Plaintiff in the Northampton County Court of Common Pleas.

139.     The Defendants Prothonotary Holly Ruggiero, Prothonotary Deputy Clerk Melissa Shoemaker, Borko Milosev, Steven T. Williams, Esq., Steven T. Williams, LLC, by and through Waldron & Williams, and Post Road Management, LLC, lacked subject matter and personal jurisdiction to attach and execute against the commercial leasehold and the Plaintiff's property in the Northampton County Court of Common Pleas in pursuit of the void *ab initio* confessed judgment.

140.     Defendants Sheriff Deputy Kathleen A. Nansteel and Sheriff Richard Johnston lacked jurisdiction to execute a writ of possession, depriving the Plaintiff of her legal right to the subject premises until December 31st, 2026, and depriving her of all of her property contained therein, including tenant improvements.

141.     The Defendants violated the Plaintiff's Fourth and Fourteenth Amendment Constitutional Right to due process of law before the deprivation of property, by executing a writ of possession in pursuit of the void judgment, locking the Plaintiff out of the leasehold, and returning possession to the Defendants, 120 Northampton, LLC by and through Post Road Management, LLC.

142.    The Plaintiff's constitutional right to due process of law was clearly established at the time of the property deprivation.

143.    Defendants Borko Milosev, Steven T. Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams private use of Pennsylvania's unconstitutional attachment and execution procedures in pursuit of a confessed judgment with the aid of Sheriff Deputy Kathleen A. Nansteel was a direct and proximate cause of the deprivation suffered by the Plaintiff without due process of law.

144.    At all times relevant hereto, the Defendants acted in concert, egregiously, with malice, and reckless indifference towards the Plaintiff's federally protected right.

145.    The joint action of the private parties, officers of the court, and state officials in the wrongful invocation of state procedures was a direct and proximate cause of the constitutional deprivation suffered by the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for the violation of the Plaintiff's Constitutional Right to due process of law under 42 U.S.C. §1983, and for the deprivation of her property, and grant the following relief: compensatory damages in an amount to be determined at trial for all economic and non-economic losses including but not limited to loss of business income, loss of property, emotional distress, mental anguish and loss of use of her property, as well as the Defendant's arbitrary and unconstitutional actions; award punitive damages against the individual defendants in their official and personal capacities to punish their intentional, willful and reckless disregard for the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, issue an injunction directing Defendants to cease any ongoing actions that deprive Plaintiff of her constitutional rights and prohibit Defendants from engaging in any further

unconstitutional conduct including executing unlawful writs or judgments; declare the confessed judgment void *ab initio*, order it stricken from the trial court's record; award attorney's fees paid in the underlying proceeding, and all costs and expenses paid of this action and the underlying action pursuant to 42 U.S.C. 1988; award pre and post judgment interests on all damages as permitted by law; grant such other relief as this Court may deem just, equitable, and proper.

## COUNT II: CONSPIRACY
*Plaintiff*
*vs.*
*All Defendants*

146.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

147.    At all times relevant hereto, the Defendants acted in concert and under the color of law when they conspired to violate the Plaintiff's substantive and procedural rights to due process prior to the seizure of her property.

148.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, and Post Road Management, LLC, conspired with Defendants Samuel E. Cohen, Esq., and Constance K. Nelson, Esq. of Gross McGinley, LLP, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., of Weisberg Law Offices, and Zachary Zawarski, Esq., of Zachary Zawarski Law to circumvent the judicial process designed to protect the Plaintiff from the very deprivation of rights she suffered.

149.    The aforementioned Defendants violated Pennsylvania's Rules of Civil Procedure in order to carry out the successful deprivation of the Plaintiff's rights to due process, and her property.

33

150.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, and Post Road Management, LLC maliciously and knowingly entered the void and excessive judgment against the Plaintiff for money including accelerated rent and in ejectment for possession of real property, with the intention to intimidate the Plaintiff into abandoning the commercial leasehold, and to prevent her from posting bond in the Northampton County Court of Common Pleas.

151.    Defendants Samuel E. Cohen, Esq., Constance K. Nelson, Esq., and Gross McGinley, LLP, as prior counsel for the Plaintiff maliciously, and intently failed to present the timely filed Petition to Strike/Open in motions court for proper adjudication of the Stay of Execution request, thereby leaving the Plaintiff unknowingly open to ejectment and garnishment.

152.    Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., and Weisberg Law Offices, furthered the scheme by intentionally, egregiously, recklessly, and negligently failing to adjudicate the Petition to Strike, earning the Plaintiff a Motion to Compel which then laid the foundation for subsequent sanctions, and maliciously withdrew from the case.

153.    Defendants Zachary Zawarski, Esq., and Law Office of Zachary Zawarski, further enabled the scheme by circumventing the adjudication process by making fraudulent misrepresentations to the Plaintiff about the process, persuading the Plaintiff to pay the unlawful sanctions, presenting fraudulent documents to convince the Plaintiff her rights were not violated, and concealing the void nature of the confessed judgment.

154.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, and Post Road Management, LLC, were fully aware of the timely filing of Petition to Strike/Open including the request for a

34

Stay of Execution, as evidenced by the Answer to the Petition timely filed and entered onto the docket.

155.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, and Post Road Management, LLC possessed the ability to compel Defendants Samuel E. Cohen, Esq., Constance K. Nelson, Esq., and Gross McGinley, LLP, to present the Petition to Strike/Open for proper adjudication to adhere to state law procedures and to prevent the violation of the Plaintiff's constitutional rights but, intentionally failed to do so.

156.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, Samuel E. Cohen, Esq., Constance K. Nelson, Esq., Gross McGinley, LLP, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., and Weisberg Law Offices are all attorneys and firms licensed to represent clients in Pennsylvania, subject to Pennsylvania's Rules of Professional Conduct, and reasonably so, are believed to be intelligent in the matters of clients they choose to represent.

157.    But for the joint action of state officials including Prothonotary Holly Ruggiero, Deputy Prothonotary Melissa Shoemaker, Deputy Sheriff Kathleen Nansteel, and Sheriff Richard Johnston, the conspiracy to violate the Plaintiff's constitutional rights and deprivation of property would have been wholly unsuccessful.

158.    It is reasonable to believe Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, Samuel E. Cohen, Esq., Constance K. Nelson, Esq., and Gross McGinley, LLP, Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., Weisberg Law Offices,

Zachary Zawarski, Esq., and Law Office of Zachary Zawarski conspired to deprive the Plaintiff of her constitutional rights, seeing as they all so conveniently forgot their legal training and "did not know" what was done to allow the Defendant 120 Northampton, LLC, and his counsel to take possession of the commercial leasehold and the Plaintiff's property.

159.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams, and Post Road Management, LLC, maliciously, and intentionally called upon Sheriff Deputy Kathleen A. Nansteel and Sheriff Richard Johnston to aid in the conspiracy by posting fraudulent possession documents on the door of the subject premises, with an inoperable phone number for the Sheriff's Department, without a Sheriff Return entered onto the docket on the alleged service dates, without a writ of execution issued by the trial courts, and delivered possession of the subject premises to Defendant Post Road Management, LLC's agent Veronica Muniz while the Plaintiff was not present.

160.    At all times relevant, the Defendants acted with intent, malice, recklessness, and a deliberate disregard for the Plaintiff's Constitutional Rights.

161.    All of the Defendant's concerted actions were the direct and proximate cause of the deprivation of the Plaintiff's property in violation of her Constitutional Rights.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for the conspiracy to deprive the Plaintiff of her right to due process of law, and for the conspiracy to deprive the plaintiff of her right to her property, including the subject leasehold premises, and grant the following relief: award the Plaintiff compensatory damages in an amount to be determined at trial for all economic and non-economic losses suffered as a direct and proximate result of Defendants conspiracy to deprive Plaintiff of her constitutional rights, including but not limited to, loss of business income, loss of

property, emotional distress and mental anguish; award punitive damages against the Defendants in their official and personal capacities, for their intentional, willful, malicious, and reckless conduct in conspiring to violate Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT III: FRAUD
*Plaintiff*
*v.*
<u>*All Defendants*</u>

162.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

163.    As aforementioned, Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams, and Post Road Management, LLC, represented to the court that they were entitled to confess judgment against Plaintiff for accelerated rent and ejectment under the terms of the Lease Agreement.

164.    The Defendants Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams, as attorneys, and officers of the court, knew and/or were reasonably expected to know that confessing judgment for accelerated rent and ejectment is prohibited under Pennsylvania law, and that such a judgment was void *ab initio* due to the court's lack of subject matter and personal jurisdiction.

165.    Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams, and Post Road Management, LLC, made fraudulent and false representations throughout the underlying litigation with the malicious intent

37

to mislead the Plaintiff, to secure the excessive confessed judgment, and to wrongfully deprive the plaintiff of her right to due process of law and her property.

166.     Defendants 120 Northampton, LLC, Steven Todd Williams, Esq., Law Office of Steven T. Williams, LLC, Waldron & Williams, and Post Road Management, LLC, attached the Plaintiff's commercial leasehold to a writ of possession, without a writ of execution, and Sheriff Deputy Kathleen Nansteel taped a fraudulent "Sheriff Notice" to the door of the leasehold with an inoperable phone number for the Northampton County Sheriff, purporting to have the same effect as a writ of execution, and preventing the Plaintiff from alerting anyone else at the Sheriff's Department.

167.     Defendants Steven T. Williams, Esq., 120 Northampton, LLC, Borko Milosev, and Sheriff Deputy Kathleen Nansteel fraudulently claimed to have posted this "Sheriff Notice" to the door of the Plaintiff's commercial leasehold October 11th, 2022.

168.     Sheriff Richard Johnston fraudulently claimed to have mailed the Defendant a copy of the "Notice of Possession, Writ of Possession, and Legal Description" without mailing a copy to the attorney of record, on October 6th, 2023, although there is no docketed return on this date nor a certificate of mailing attached as claimed on the return.

169.     Defendant Sheriff Deputy Kathleen A. Nansteel did not docket the sheriff return immediately after possession was returned to Defendant 120 Northampton, LLC, as required by Pennsylvania's Rules of Civil Procedure; the return was not docketed until February 17th, 2023, four months later.

170.     Defendants Constance K. Nelson, Esq., and Samuel E. Cohen, Esq., by and through Gross McGinley, LLP, claimed to "not know" what happened or how possession was taken with a "stay filed".

171.    Defendants Constance K. Nelson Esq., and Samuel E. Cohen, Esq., led the Plaintiff to believe the proper adjudication of the Petition to Strike/Open had begun, and fraudulently represented that a stay "filed" had the same effect as a stay *granted* by a judge in the trial courts.

172.    Defendants Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., and Weisberg Law Offices, furthered the conspiracy, by also claiming they "did not know" what was done, not moving for proper adjudication of the Petition to Strike/Open, or moving to disqualify the inadequate Petition to Strike/Open due to attorney verification and presenting a new Petition to Strike asserting the void nature of the excessive Judgment, and using manipulation and tactics to harm the Plaintiff to further the scheme and to maintain the desired result.

173.    On February 8th, 2023, in an email to Defendants Matthew B. Weisberg Esq., Gary Schafkopf, Esq., L. Anthony DiJiacomo, III Esq., and Weisberg Law Offices, the Plaintiff specifically questioned the validity of Defendant 120 Northampton, LLC's entitlement to "property *and* accelerated rent" to which she was told by the Defendant L. Anthony DiJiacomo, III Esq. she was wrong.

174.    The Plaintiff justifiably relied on the validity of the trial court's judgment and the representations made by all of the Defendants, initially believing them to be lawful and enforceable as opposed to void *ab initio*.

175.    As a direct and proximate result of the Plaintiff's initial reliance on the Defendant's false representations, and lies when she began to refer to the Rules of Civil Procedure the Plaintiff has suffered and continues to suffer substantial damages, including but not limited to financial losses from the unlawful judgment, the loss of business income, the costs of defending against the

void *ab initio* judgment, mental and emotional distress from attempting to learn and navigate complex litigation and the inability to find competent, uncompromised legal representation.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for fraud, and grant the following relief: award the Plaintiff compensatory damages in an amount to be determined at trial for all losses, including but not limited to, loss of property, loss of business income, loss of use of property, mental anguish, and all other consequential damages resulting for the Defendant's fraudulent conduct; award punitive damages to punish the Defendants for their willful, intentional, wanton, and malicious conduct to carry out the scheme to deprive the Plaintiff of her right to due process of law, and to her property; enter any necessary and property equitable relief, including but not limited to, restitution of Plaintiff's commercial leasehold.

## COUNT IV: WRONGFUL USE OF CIVIL PROCEEDINGS
### 42 Pa.C.S. § 8351 *et. seq.*
### (DRAGONETTI ACT)
*Plaintiff*
*vs.*
*120 Northampton, LLC, Post Road Management, LLC, Borko Milosev,*
*Steven T. Williams, Esq., Steven Williams, LLC, and Waldron & Williams*

176.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

177.    The Plaintiff reported The Defendants 120 Northampton, LLC, and Borko Milosev to the City of Easton's Code Enforcement Department on the morning March 1st, 2022, to report the loss of integrity to the floors of the main seating area of the subject premises, and the vast opening on the exterior wall of the building.

178.    Easton City Code Inspector Dwayne Tillman responded by conducting an inspection of the premises around three o'clock (3pm) the same day.

179.    The inspection resulted in an extensive violation letter to the Defendants 120 Northampton, LLC, Post Road Management, LLC, and Borko Milosev, and an investigation involving structural engineers, into the foundation and joist system directly under the main seating area of the Plaintiff's leasehold.

180.    In direct response to this, on March 24th, 2022, before the investigation was closed, or findings reported to the Plaintiff, the Defendants entered the void *ab initio* and excessive confessed judgment against the Plaintiff in the Northampton County Court of Common Pleas.

181.    The entry of the void and excessive confessed judgment and the illegal attachment of the Plaintiff's property resulted in the unlawful eviction of the Plaintiff from her principal place of business on or about October 28th, 2022.

182.    The actions of the Defendants were intended to retaliate against the Plaintiff for exercising her legal rights and would deter any person of ordinary firmness from continuing to raise concerns regarding the safety of themselves, their family, neighbors, and the of the patrons served on the premises.

183.    The retaliatory actions taken by the Defendants were motivated by the Plaintiff's reporting of code violations and were a direct response to the Plaintiff's protected activity.

184.    During the course of the underlying litigation, the Defendants did not seek to properly adjudicate their claim pursuant to Pennsylvania's Rules of Civil Procedure, but circumvented the proper adjudication completely, leading to the arbitrary deprivation of the Plaintiff's property.

185.    Defendants Steven T. Williams, Esq., Steven Williams, LLC, and Waldron & Williams, acted intently by entering the void *ab initio* judgment as a tactical weapon to intimidate and coerce the Plaintiff into abandoning the commercial leasehold by conspiring with the other Defendant law firms and attorneys to circumvent proper adjudication.

186.    When that plan failed and the Plaintiff did not abandon the commercial leasehold, the Defendants resulted to the arbitrary and unlawful attachment of the Plaintiff's property to a writ of possession absent a writ of execution, posted fraudulent documents to the door of the commercial leasehold and issued an "Abandoned Property" notice, as if the Plaintiff had abandoned the fully equipped and furnished leasehold in yet another attempt to coerce the Plaintiff into abandoning the leasehold.

187.    The grossly excessive judgment in excess of one hundred and sixteen thousand dollars ($116,000.00) was erroneously entered to intimidate the Plaintiff, and to obstruct the Plaintiff from being able to post bond, as a small business to secure her possession of the leasehold, *and* to take possession of the commercial leasehold.

188.    During the course of the underlying litigation, the Defendants by and through their representative Steven T. Williams, Esq., made fraudulent, defamatory assertions that no-one "liked" the Plaintiff and that she was difficult to work with on multiple different occasions by pleadings, motions, and objections, and oral communication to the Plaintiff's prior counsel(s), thereby harming the Plaintiff's reputation.

189.    The void *ab initio* judgment is scheduled to be stricken on October 15, 2024; the proceedings will then have been terminated in the Plaintiff's favor.

190.    As a direct and proximate result of the Defendant's malicious, arbitrary, and retaliatory actions with reckless disregard for the Plaintiff's clearly established constitutional right

to due process of law, the Plaintiff has suffered and continues to suffer damages including but not limited to, loss of property, emotional distress, and financial harm.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants for their violations of Pennsylvania's Dragonetti Act, 42 Pa.C.S. § 8351 *et. seq*, and award the following relief; award compensatory damages for the harm caused by Defendant's wrongful use of civil proceedings including but not limited to: financial losses suffered by Plaintiff including the loss of her business, equipment, and future profits, emotional distress and reputational harm incurred as a result of the wrongful actions of the Defendants; award punitive damages as permitted under the Dragonetti Act for Defendant's malicious, willful, and wanton misconduct in pursuing a baseless legal action with improper motives, and damaging the reputation by making defamatory statements; award all attorney's fees costs and expenses incurred in defending against the wrongful proceeding and in bringing this action; award any further relief that this Court deems just and proper.

### COUNT V:  VIOLATION OF EQUAL PROTECTION CLAUSE
*Plaintiff*
*vs.*
*Sheriff Kathleen A. Nansteel, Sheriff Richard Johnston,*
*Prothonotary Holly Ruggiero, Prothonotary Deputy Melissa Shoemaker*

191.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

192.    The Defendants are officials of Northampton County by and through the Northampton County Court of Common Pleas, with more than twenty (20) years of experience combined in civil matters filed in the trial court.

193.    Defendants Kathleen A. Nansteel and Sheriff Richard Johnston, have ample experience in the service of writs and attachment procedures in Northampton County, and maliciously, intently, and recklessly attached the Plaintiff's property unlawfully without a writ of execution as required by federal law, state law, and local rules.

194.    Defendants Prothonotary Holly Ruggiero, and Prothonotary Deputy Melissa Shoemaker lacked personal and subject matter jurisdiction to enter judgment against the Plaintiff and to issue a writ of possession for the Plaintiff's property.

195.    The Defendants in their capacities as officials of Northampton County, acted under color of state law in executing and enforcing a void ab initio judgment against the Plaintiff without a lawful basis.

196.    The actions of the defendants in executing the judgment and taking the Plaintiff's property were carried out in a manner that discriminated against the Plaintiff and denied her equal protection under the law.

197.    Specifically, the Defendants treated the Plaintiff differently from other individuals similarly situated who had not experienced such unlawful actions without a rational basis for such differential treatment.

198.    As a direct and proximate result of the Defendants actions, the Plaintiff suffered significant harm, including the loss of her commercial leasehold, personal property, business income, and other damages.

199.    The Defendant's actions constitute a willful and intentional violation of the Plaintiff's rights under the Equal Protection Clause.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for their violations of the Equal Protection Clause

of the Fourteenth Amendment and award the following relief: declare that the actions of the Defendants constituted a violation of the Plaintiff's right to equal protection under the law, in that she was treated differently from other individuals similarly situated without a rational basis; award compensatory damages to the Plaintiff for the injuries suffered as a direct and proximate result of the Defendant's actions, including but not limited to the loss of her commercial leasehold, personal property, and business income; award punitive damages against the individual Defendants in their official and personal capacities for their willful, malicious, and reckless conduct; award reasonable fees and costs incurred in bringing his action, pursuant to 42 U.S.C. § 1988; and grant such other relief as the Court deems just and proper.

## COUNT VI: TRESSPASS
*Plaintiff*
*vs.*
*120 Northampton, LLC, Post Road Management, LLC, Borko Milosev,*
*Sheriff Deputy Kathleen A. Nansteel, Sheriff Richard Johnston*

200.    The Plaintiff incorporates the preceding paragraphs by reference as if full set forth herein.

201.    On or about October 28th, 2022, the Defendant 120 Northampton, LLC's actions included directing the county sheriff to execute against the Leasehold in pursuit of the void *ab initio* confessed judgment, and the sheriff's subsequent entry onto the premises, constitute an unlawful and unauthorized entry onto the Plaintiff's property, thereby committing trespass.

202.    The Defendants had no legal justification to be on Plaintiff's property, as the underlying confessed judgment that purported to authorize such entry was void *ab initio* due to the prothonotary's lack of subject matter and personal jurisdiction over the void judgment.

203.    As a direct and proximate result of Defendant's unlawful entry and unlawful seizure of the Plaintiff's commercial leasehold, Plaintiff has suffered and continues to suffer damages,

including but not limited to the loss of use and enjoyment of the Leasehold, loss of the Plaintiff's personal property, disruption of business operations, and emotional distress.

204.    The Defendant's conduct was intentional, willful, wanton and in reckless disregard of Plaintiff's constitutional right to due process of law, and the clear legal prohibitions against the unauthorized seizure of the Plaintiff's property.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for trespass and grant the following relief: award compensatory damages in an amount to be determined at trial; award punitive damages against the Defendants for their intentional and reckless conduct; award the Plaintiff the cost of this action, and grant such other relief as the court deems just and proper.

**COUNT VII: TRESSPASS TO CHATTELS**
*Plaintiff*
*vs.*
<u>120 Northampton, LLC, Borko Milosev, Post Road Management, LLC</u>

205.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

206.    At all times relevant, the Plaintiff was the owner of certain personal property, including but not limited to restaurant equipment, personal belongings, and immoveable fixtures installed in the subject premises until the end of the lease term on December 31st, 2026, including but not limited permanent fixtures such as the installation of electrical wiring, fire suppression equipment, plumbing, tiling, costs of the HVAC system incorporated into the lease agreement, and custom furniture (hereinafter referred to as "chattels").

46

207. On October 28th, 2022, the Sheriff Deputy Kathleen Nansteel executed against the Leasehold, including the Plaintiff's improvements, personal property, and restaurant equipment, without Plaintiff's consent or any legal justification.

208. The Defendants claim to currently have in their possession the Plaintiff's property, after initially asserting through preliminary objections in the underlying proceeding that it was no longer in their possession. This has not been verified by the Plaintiff, and if true, the condition of the property is unknown, and would be too burdensome on the Plaintiff to inspect, test, move, and store the property.

209. As a direct and proximate result of the Defendant's unlawful interference with the Plaintiff's chattels, the Plaintiff has suffered damages, including but not limited to the loss of the value of the chattels, the cost of replacing or restoring said property, and emotional distress.

210. As a direct and proximate result of the Defendant's actions, the Plaintiff's business is now defunct and without possession of the leasehold, leaving the Plaintiff without a location to accept the property if it were returned, and making it unduly burdensome for the plaintiff to move and store the personal property and restaurant equipment.

211. The Defendant's conduct was intentional, reckless, and without legal justification and regard for the Plaintiff's rights.

**WHEREFORE,** the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for trespass to chattels and award the following relief: award compensatory damages in an amount to be determined at trial; award punitive damages against the Defendants for their intentional and reckless conduct; award the Plaintiff the cost of this action; and grant such other and further relief as this Court deems just and proper.

47

## COUNT VIII: CONVERSION
*Plaintiff*
*vs.*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC*

212.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

213.    Without the Plaintiffs consent, nor jurisdiction, the Defendants acted in concert, and under color of law to unlawfully and intently deprive the Plaintiff of her right to the subject premises, and all of her property contained within, including restaurant equipment, personal property, and all tenant improvements.

214.    The Plaintiff was entitled to the right to possession of the subject premises at the time of seizure, had not abandoned the premises nor her property, and at all times relevant, was represented by Defendants Constance K. Nelson, Esq., Samuel E. Cohen, Esq., by and through Gross McGinley, LLP.

215.    Defendants 120 Northampton, LLC, Borko Milosev, Post Road Management, LLC, Steven T. Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, attempted to intimidate and fraudulently induce the Plaintiff into removing her personal property and equipment within ten days after October 28th, 2024, with an unlawful ten day abandoned property notice.

216.    Defendants 120 Northampton, LLC, Borko Milosev, Post Road Management, LLC, Steven T. Williams, Esq., Law Office of Steven T. Williams, LLC by and through Waldron & Williams, Constance K. Nelson, Esq., and Samuel E. Cohen, Esq., acted in concert, to continue the deprivation of the Plaintiff's possession of the property by repeatedly circumventing adjudication as opposed to returning possession of the premises to the Plaintiff.

217.    The Plaintiff was without means nor a suitable alternate location for the property which included restaurant equipment, furniture, electronics, oversized ornate decorations, and tenant improvements.

218.    Defendants 120 Northampton, LLC, Borko Milosev and Post Road Management, LLC have since, re-let the subject premises to a new tenant, a bakery, "Cake and Corolla", who is currently utilizing the Plaintiffs tenant improvements, furnishings, and equipment.

219.    The Northampton County Sheriff's unlawful attachment and execution pursuant to the void confessed judgment, intentionally took possession of the Plaintiff's property without consent, and asserted control over the Plaintiff's property violating the Plaintiff's rights as the owner of the property.

220.    The Defendants lacked legal authority to seize the Plaintiff's property, and their actions constituted a wrongful taking.

221.    At all times relevant hereto, the Defendants acted in retaliation with malice, intent, recklessness, and total disregard for the Plaintiff's constitutional rights, and entitlement to the subject premises including the Plaintiff's property held inside.

222.    As a direct and proximate result of the Defendant's wrongful conversion of Plaintiff's property, Plaintiff has suffered damages, including but not limited to the loss of the value of the property, the cost of replacing or restoring the property, and emotional distress.

**WHEREFORE,** the Plaintiff requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants for conversion and grant the following relief: award compensatory damages in an amount to be determined at trial; award punitive damages against Defendants for their intentional or willful conduct; award Plaintiff the costs of this action; grant such other and further relief as this Court deems just and proper.

**COUNT IX: CONSTRUCTIVE EVICTION**
*Plaintiff*
*vs.*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC*

223.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

224.    The intentional failure to install return duct equipment to the HVAC system, loss of structural integrity to the floors of the Plaintiff's leasehold due to unmitigated flood damage, and the missing brick and mortar from the exterior wall exposing the Plaintiff's leasehold to the elements, including rodents and insects, substantially interfered with the Plaintiff's use and enjoyment of the Leasehold.

225.    On October 28th, 2022, the Plaintiff was locked out of the leasehold and possession was returned to the Defendants unlawfully, by the Northampton County Sheriff.

226.    The Defendant's actions, including directing the Sheriff to execute against the leasehold, locking the door and returning possession to the Defendants, re-letting of the property without crediting the Plaintiff for the improvements, and currently attempting to sell the property, has, and continues to substantially interfere with the Plaintiff's use and enjoyment of the leasehold.

227.    As a direct result of the Defendant's actions, the Plaintiff was effectively forced to vacate the Leasehold, as the interference deprived the Plaintiff of the beneficial use and enjoyment of the premises.

228.    As a direct and proximate result of the Defendant's constructive eviction, the Plaintiff has suffered and continues to suffer damages, including but not limited to the loss of use and enjoyment of the Leasehold, loss of business income, and emotional distress.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants and grant the following relief: award compensatory damages for loss of income, relocation costs, and damage to personal property; Punitive damages due to the intentional, willful, and malicious conduct of the Defendants; award costs associated with bringing this action; any other relief this Court deems just and proper.

## COUNT X: UNJUST ENRICHMENT
*Plaintiff*
*vs.*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC*

229.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

230.    After the commencement of the Lease term, the Plaintiff was responsible for majority of the improvements to the subject premises including but not limited to architectural plans, permits, fire suppression equipment including the installation of sprinkler heads and fire alarm pulls, all electrical components including outdoor lighting on the front façade, custom light fixtures, finished plumbing and plumbing fixtures, HVAC system, drywall, subway tiling backsplash, floor coverings and ceramic tiles, custom built quartz cash wrap and six foot (6ft) long quartz bar with custom cabinetry throughout bar area, custom built in benches, and custom built in merchandise shelving.

231.    The Plaintiff, at all times relevant was entitled to possession of the subject premises, and all property contained within, including removable and permanent tenant improvements until December 31st, 2026.

232.    As a direct and proximate result of the unlawful deprivation of the tenant's property, and the concerted actions of all Defendants, possession of the subject premises and of all the tenant's personal property and improvements was given to Defendants 120 Northampton, LLC, Post Road Management, LLC, and Borko Milosev.

233.    Defendants 120 Northampton, LLC, Borko Milosev, and Post Road Management, LLC, sent via electronic and postal mail, a security deposit disposition of three-thousand dollars ($3,000), stating that they would be retaining the Plaintiffs deposit and would not be returning it after unlawfully taking possession of the premises with the joint involvement of the Northampton County Sheriff and Deputy.

234.    Defendants 120 Northampton LLC, Borko Milosev, and Post Road Management, LLC, have since relet the premises to a new tenant, "Cake and Corolla", and have accepted increased rental payments on or before March 1st, 2023.

235.    Defendants 120 Northampton, LLC, and Borko Milosev have not credited the judgment against the Plaintiff in the amount of one hundred sixteen thousand, two hundred forty-seven dollars and fifty-four cents ($116, 247.54), for rental payments they have received from "Cake and Corolla", nor for the value of the personal property and restaurant equipment in their possession.

236.    Defendants 120 Northampton, LLC, Borko Milosev, and Post Road Management, LLC, have unjustly enriched themselves, at the expense of the Plaintiff.

237.    As aforementioned, the Defendants acted with intent, malice, recklessness, and egregious disregard for the Plaintiffs rights.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants and grant the following relief; an order

requiring the Defendants discharge any benefits unjustly received as a result of the execution of the void judgment; award compensatory damages for losses incurred due to the Defendant's unjust enrichment; award fees and costs associated with bringing this action; any other relief this court deems just and proper.

## COUNT XI: CONSTRUCTIVE TRUST
*Plaintiff*
*vs.*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC*

238.    The Plaintiff incorporates the proceeding paragraphs by reference as if fully set forth herein.

239.    The Plaintiff's substantial investment into the subject premises included permanent immovable fixtures that the Plaintiff is entitled to until December 31st, 2026, pursuant to the Lease Agreement between the Plaintiff and 120 Northampton, LLC.

240.    After possession of the subject premises was wrongfully given to the Defendants by Sheriff Deputy Kathleen Nansteel, the Defendants entered into a lease agreement on an unknown date with "Cake and Corolla", a local bakery who held a grand opening in April of 2023, and is still operating from the subject premises outfitted and paid for by the Plaintiff till this day.

241.    It is reasonable to believe the Defendants are receiving increased rental payments from "Cake and Corolla" at the Plaintiff's expense.

242.    The Defendants have not credited the confession of judgment amount to reflect the rental payments they are currently receiving, nor for the value of the improvements.

243.    The Defendants have also listed the entire parcel that is 118-120 Northampton Street for sale as of April 1st, 2024, with an asking price of three million four hundred thousand dollars ($3,400,000.00).

244.    The Defendants have been unjustly enriched by the value of the improvements made by Plaintiff, as the Defendants are now benefitting from the increased value and utility of the Leasehold without providing any compensation to the Plaintiff.

245.    The Defendant's conduct in reletting the Leasehold without compensating the Plaintiff for the improvements or rental payments constitutes intentional, wrongful, and inequitable behavior.

246.    The Defendant's attempts to sell the subject premises while embroiled in litigation over possession of the subject premises is an egregious continuation of their intentional, wrongful, inequitable conduct, and unjust enrichment.

247.    If the subject premises is sold, the Plaintiff may be left with no adequate remedy at law for monetary damages against the Defendant 120 Northampton, LLC, as to the best of the Plaintiff's knowledge, this is the only asset the entity owns.

248.    The Plaintiff requests the imposition of a constructive trust upon the subject property to prevent the Defendant from selling or otherwise disposing of the property, and to ensure that any proceeds from the sale are used to compensate the Plaintiff for her losses.

249.    The imposition of a constructive trust is necessary to prevent the Defendant from being unjustly enriched by retaining or profiting from the Plaintiff's property, which was unlawfully taken.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff, against the Defendants and grant the following relief; impose a

constructive trust on the subject premises currently held and controlled by the Defendant property owner entity 120 Northampton, LLC, sole owner of the entity Borko Milosev, and property management company with common ownership of the subject premises, Post Road Management, LLC; prohibit the Defendant from selling or transferring the property without court approval; direct that any proceeds from the sale of the property be held in a trust for the benefit of the Plaintiff to compensate her for losses suffered due to the Defendant's unlawful actions; award the Plaintiff compensatory damages; award all costs associated with bringing this suit; grant any further relief this Court deems just and equitable.

## COUNT XII: EQUITABLE LIEN
*Plaintiff*
*vs.*
*120 Northampton, LLC, Borko Milosev, Post Road Management, LLC*

250.    The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

251.    The Plaintiff's monetary investment into the permanent fixtures and improvements to the Leasehold were necessary and enhanced the value of the Leasehold.

252.    The Defendants, collectively, have unjustly enriched themselves by reletting the subject premises and benefitting from the increased value and utility of it without providing any compensation to the Plaintiff nor crediting or withdrawing the void *ab initio* confessed judgment.

253.    The Defendants, on or about April 1st, 2024, have listed the parcel housing the subject premises for sale with an asking price of three million four hundred thousand dollars ($3,400,000.00).

254.     To prevent further injustice and to ensure the Plaintiff's interest are protected, it is necessary to impose a constructive trust and an equitable lien on the Leasehold and the benefits derived therefrom.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and grant the following relief; impose an equitable lien the subject property owned by the Defendants to secure the Plaintiff's right to compensation for the loss of her leasehold and business property; prohibit the sale or transfer of the subject property until the equitable lien is satisfied; Order the Defendant compensate the Plaintiff for the value of the property unlawfully taken, as well as any unjust profits derived from the property; award the Plaintiff compensatory damages; award costs and fees associated with bringing this suit; grant any further relief this Court deems just and equitable.

## COUNT XIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*Plaintiff*
*vs.*
*All Defendants*

255.     The Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

256.     The Defendant's conduct in directing the unlawful execution against the Plaintiff's property and specifically attempting to sell the Leasehold without addressing the Plaintiff's interest is intentional, extreme, outrageous, and beyond all possible bounds of decency.

257.     The Defendant's actions were intentional and done with reckless disregard of the high probability that such conduct would cause the Plaintiff severe emotional distress.

258.    As a direct and proximate result of the Defendant's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, including but not limited to anxiety, depression, emotional pain, and suffering.

259.    Plaintiff's emotional distress has been exacerbated by having to navigate the complexities of litigation to defend herself from the void *ab initio* unlawful judgment entered against her, the inability to find an uncompromised attorney to represent her interests, and the necessity of drafting the civil rights complaint herself.

260.    The Plaintiff has experienced significant stress, sleeplessness, and other physical symptoms as a result of the emotional turmoil caused by the Defendant's actions and the ongoing litigation.

261.    The emotional distress suffered by the Plaintiff has been so severe that the Plaintiff requires the attention of a psychologist and ongoing emotional support to cope with the reality of the extensive corruption that has transpired.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter judgment in favor of the Plaintiff against the Defendants and award the following relief: award the plaintiff for compensatory damages caused by the Defendant's intentional and outrageous conduct; award punitive damages to deter such conduct in the future; award the costs associated with bringing this action; grant such other relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff Khanisa Darby respectfully requests that this Honorable Court grant the following relief:

A. For **Count I (42 U.S.C. Section 1983)**: **Fourth and Fourteenth Amendment Violation**

    1. Enter Judgment in favor of the Plaintiff and against all Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

    3. Award punitive damages to deter the Defendants from future violations.

    4. Award Plaintiff all costs and expenses pursuant to 42 U.S.C. § 1988.

B. For **Count II (Conspiracy)**

    1. Enter judgment in favor of Plaintiff and against Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

    3. Award punitive damages to deter Defendants from future conspiratorial conduct.

C. For **Count III: (Fraud)**

    1. Enter judgment in favor of Plaintiff and against Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

    3. Award punitive damages to deter Defendants from future fraudulent conduct.

D. For **Count IV: (Wrongful Use of Civil Proceedings; Dragonetti Act)**

    1. Enter judgment in favor of Plaintiff and against Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

    3. Award punitive damages to Plaintiff in an amount to be determined at trial.

E. For **Count V: (Violation of Equal Protection Clause**)

    1. Enter judgment in favor of the Plaintiff and against Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

3.  Award punitive damages to deter Defendants from discriminatory conduct.

4.  Award the Plaintiff all costs and expenses pursuant to 42 U.S.C. § 1988.

F.  For **Count VI: (Trespass)**

1.  Enter Judgment in favor of the Plaintiff and against Defendants.

2.  Award compensatory damages in an amount to be determined at trial.

3.  Award punitive damages to deter Defendants from future trespass.

G.  For **Count VII: (Trespass to Chattels)**

1.  Enter Judgment in favor of the Plaintiff and against Defendants.

2.  Award compensatory damages in an amount to be determined at trial.

3.  Award punitive damages to deter Defendants from future trespass.

H.  For **Count VIII: (Conversion)**

1.  Enter Judgment in favor of the Plaintiff and against Defendants.

2.  Award compensatory damages in an amount to be determined at trial.

3.  Award punitive damages to deter Defendants from future conversion.

I.  For **Count IX: (Constructive Eviction)**

1.  Enter Judgment in favor of the Plaintiff and against Defendants.

2.  Award compensatory damages in an amount to be determined at trial.

3.  Award punitive damages to deter Defendants from future constructive eviction.

J.  For **Count X: (Unjust Enrichment)**

1.  Enter judgment in favor of Plaintiff and against Defendants.

2.  Award compensatory damages in an amount to be determined at trial.

59

K. For **Count XI: (Constructive Trust)**

    1. Impose a constructive trust over the Leasehold and proceeds from its sale to the benefit of Plaintiff.

    2. Order Defendants to account for and restore too Plaintiff any funds or property unjustly retained.

L. For **Count XII: (Equitable Lien)**:

    1. Impose an equitable lien on the Leasehold and proceeds from its sale in favor of Plaintiff.

    2. Order Defendants to satisfy Plaintiff's interests from the proceeds of any sale.

M. For **Count XIII: (Intentional Infliction of Emotional Distress)**:

    1. Enter judgment in favor of Plaintiff and against Defendants.

    2. Award compensatory damages in an amount to be determined at trial.

    3. Award punitive damages to deter Defendants from future infliction of emotional distress.

For **All Counts**:

    1. Award Plaintiff all costs and expenses incurred in bringing this action.

    2. Grant such other and further relief as this court deems just and equitable.


Respectfully submitted,

Khanisa Darby, *pro se*
P.O. Box 8061
Piscataway, New Jersey 08855
darbykhanisa@gmail.com

Dated: October 9th, 2024